**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARCO SAGASTUME, JOSE SAGASTUME, DANIEL SAGASTUME, CRISTIAN SAGASTUME on behalf of themselves and other persons similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Defendant,**<br><br>**BRENNAN'S ROOFING LLC and CHRISTOPHER BRENNAN** | **Case No.:**<br><br>**District Judge:**<br><br>**Magistrate Judge:**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs, MARCO SAGASTUME, JOSE SAGASTUME, DANIEL SAGASTUME, and CRISTIAN SAGASTUME through their attorney, Harold Weiser, III, file this Collective Action Complaint against Defendants, BRENNAN'S ROOFING LLC and CHRISTOPHER BRENNAN.

**NATURE OF THE ACTION**

1. This is an action by MARCO SAGASTUME, JOSE SAGASTUME, DANIEL SAGASTUME, and CRISTIAN SAGASTUME ("Plaintiffs") on behalf of themselves and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiffs were employed as roofers and/or manual laborers by Defendants, BRENNAN'S ROOFING LLC and CHRISTOPHER BRENNAN ("Defendants"). While working for the Defendants, Plaintiffs were not paid one-and-a-half times their regular hourly rate for

all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 207.

2. Plaintiffs seek to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of themselves and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiffs also bring this action to obtain declaratory and injunctive relief. *Id.*

**JURISDICTION**

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

**VENUE**

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

**PARTIES**

**Plaintiff Marco Sagastume**

5. Plaintiff is a resident of Louisiana.

6. Plaintiff, Marco Sagastume, was hired by Defendants in approximately the week beginning in March of 2024 and worked for Defendants until approximately the middle of June of 2024.

7. Plaintiff, Marco Sagastume, worked for Defendants performing labor at

BRENNAN’S ROOFING LLC with a business address of 34 Curtis Drive, New Orleans, Louisiana 70126.

8. Plaintiff, Marco Sagastume, worked as a roofer. In connection therewith, Plaintiff performed duties related to examining existing roofs to identify damage, leaks, wear and tear, missing shingles/tiles, structural issues (like rotting joists or plywood), and potential hazards, job site setup, removing old roofing, applying underlayment, flashing, shingles, and cleanup.

9. For the entirety of his employment, Defendants paid Plaintiff, Marco Sagastume, $25.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $25.00.

10. At all relevant times, Plaintiff, Marco Sagastume, and the members of the proposed Plaintiff Class were “employees” of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Plaintiff Jose Sagastume**

11. Plaintiff, Jose Sagastume, is a resident of Louisiana.

12. Plaintiff, Jose Sagastume, was hired by Defendants in approximately the middle of March of 2024 until the middle of June of 2024.

13. Plaintiff, Jose Sagastume, worked for Defendants performing labor at BRENNAN’S ROOFING LLC, with a business address of 34 Curtis Dr New Orleans, Louisiana.

14. Plaintiff, Jose Sagastume, worked as a roofer. In connection therewith, Plaintiff

performed duties related to examining existing roofs to identify damage, leaks, wear and tear, missing shingles/tiles, structural issues (like rotting joists or plywood), and potential hazards, job site setup, removing old roofing, applying underlayment, flashing, shingles, and cleanup.

15. For the entirety of his employment, Defendants paid Plaintiff, Jose Sagastume, $30.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $30.00.

16. At all relevant times, Plaintiff, Jose Sagastume, and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Plaintiff Daniel Sagastume**

17. Plaintiff, Daniel Sagastume, is a resident of Louisiana.

18. Plaintiff, Daniel Sagastume, was hired by Defendants in approximately the week beginning in March of 2024 until the middle of June of 2024.

19. Plaintiff, Daniel Sagastume, worked for Defendants performing labor at BRENNAN'S ROOFING LLC, with a business address of 34 Curtis Dr New Orleans, Louisiana.

20. Plaintiff, Daniel Sagastume, worked as a roofer. In connection therewith, Plaintiff performed duties related to examining existing roofs to identify damage, leaks, wear and tear, missing shingles/tiles, structural issues (like rotting joists or plywood), and potential hazards, job site setup, removing old roofing, applying underlayment, flashing, shingles,

and cleanup.

21. For the entirety of his employment, Defendants paid Plaintiff, Daniel Sagastume, $30.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $30.00.

22. At all relevant times, Plaintiff, Daniel Sagastume, and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Plaintiff Cristian Sagastume**

23. Plaintiff, Cristian Sagastume, is a resident of Louisiana.

24. Plaintiff, Cristian Sagastume, was hired by Defendants in approximately the beginning of May of 2024 until the middle of June of 2024.

25. Plaintiff, Cristian Sagastume, worked for Defendants performing labor at BRENNAN'S ROOFING LLC, with a business address of 34 Curtis Dr New Orleans, Louisiana.

26. Plaintiff, Cristian Sagastume, worked as a manual laborer. In connection therewith, Plaintiff performed duties related to job site setup, removing old roofing, applying underlayment, flashing, shingles, cleanup, assisting with examining existing roofs to identify damage, leaks, wear and tear, missing shingles/tiles, structural issues (like rotting joists or plywood), and potential hazards.

27. For the entirety of his employment, Defendants paid Plaintiff, Cristian Sagastume, $18.00 per hour. For every hour that he worked in excess of forty in any

particular week he was still only paid $18.00.

28. At all relevant times, Plaintiff, Cristian Sagastume, and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Defendant BRENNAN'S ROOFING LLC**

29. BRENNAN'S ROOFING LLC is an active limited liability company organized under the laws of Louisiana with its principal place of business in New Orleans, Louisiana. BRENNAN'S ROOFING LLC is a construction company with specializes in roofing services, home improvement, repairs, cleaning.

30. BRENNAN'S ROOFING LLC supervised the day-to-day work activities of Plaintiffs.

31. BRENNAN'S ROOFING LLC determined Plaintiffs' work schedule for the employment at issue herein.

32. BRENNAN'S ROOFING LLC maintained an employment file for Plaintiffs and a notebook that tracked the hours worked.

33. BRENNAN'S ROOFING LLC paid Plaintiffs in cash with no overtime paid.

34. BRENNAN'S ROOFING LLC did not withhold any Medicaid, Social Security, or income tax from Plaintiffs' income.

35. BRENNAN'S ROOFING LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

36. BRENNAN'S ROOFING LLC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

**Defendant CHRISTOPHER BRENNAN**

37. Christopher Brennan is a natural person of full age and majority, domiciled in the parish of St. Bernard, State of Louisiana. His residence is at 2313 Esteban St, Arabi, LA 70032.

38. Christopher Brennan is the Owner, Manager, Operator, and Director of Defendant, BRENNAN'S ROOFING LLC.

39. Christopher Brennan operates BRENNAN'S ROOFING LLC as his alter ego.

40. At all pertinent times herein Defendant, Christopher Brennan, had the authority to hire and fire BRENNAN'S ROOFING LLC's employees, including the Plaintiffs herein.

41. At all pertinent times herein Defendant, Christopher Brennan, maintained executive authority over the jobs BRENNAN'S ROOFING LLC's employees were provided, including the location, duration, and rate-of-pay for those jobs.

**FACTUAL ALLEGATIONS**

42. Defendants are the owner of and a construction company that focuses on roofing replacement and repairs throughout the Greater New Orleans Area.

**COLLECTIVE ACTION COMPLAINT**

43. Defendants employed Plaintiffs to provide labor at the various properties

throughout the Greater New Orleans Area.

44. Plaintiffs normally worked more than 40 hours per week for Defendants. On average, Plaintiffs worked at least 45-50 hours per week.

45. Plaintiffs were usually paid by cash.

46. Defendants never paid Plaintiffs one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

47. Defendants willfully violated Plaintiffs' rights under the FLSA because Defendants knew or showed reckless disregard for the fact that its compensation practices violated the FLSA.

48. Defendants are and were aware of the custom and practice of overtime pay from their experience and expertise in the industry in which it works.

## COLLECTIVE ACTION ALLEGATIONS

49. Defendants paid the named Plaintiffs and other similarly situated employees at an hourly rate for work performed.

50. Defendants treated the named Plaintiffs and other similarly situated employees as exempt from the FLSA's overtime requirements.

51. When the named Plaintiffs and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT ONE: Fair Labor Standards Act – FLSA Overtime Class

52. Plaintiffs incorporate by reference each of the preceding allegations as though

fully set forth herein.

53. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

54. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiffs and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least March of 2024 and continuing until June of 2024.

55. As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

**COUNT TWO: Piercing the Corporate Veil – Christopher Brennan's Personal Liability**

56. Paragraph 1-55 are incorporated by reference as if fully state herein.

57. Christopher Brennan transacted business on behalf of BRENNAN'S ROOFING LLC on a personal level, and are personally liable for all of the debts incurred by BRENNAN'S ROOFING LLC.

58. Defendant Christopher Brennan is personally liable for all the debts of by BRENNAN'S ROOFING LLC owed to Plaintiffs because:

A. Christopher Brennan is the sole or primary shareholder/member and the primary manager of BRENNAN'S ROOFING LLC.

B. BRENNAN'S ROOFING LLC was created as an entity in an effort to avoid liability.

C. Christopher Brennan and BRENNAN'S ROOFING LLC disregard the requisite corporate formalities, and BRENNAN'S ROOFING LLC is not distinguishable from Christopher Brennan.

D. Christopher Brennan comingles his personal funds with those of BRENNAN'S ROOFING LLC.

E. Christopher Brennan does not follow any statutory formalities for incorporating and transacting corporate affairs.

F. BRENNAN'S ROOFING LLC is not adequately capitalized.

## ALLEGATIONS OF FRAUD AND DECEIT

59. CHRISTOPHER BRENNAN through their alter ego, BRENNAN'S ROOFING LLC, were deceitful to Plaintiffs and other similarly situated individuals by taking advantage of their limited-English comprehension and limited understanding of common labor law thereby defrauding them out of their overtime pay.

## PRAYER FOR RELIEF

60. Plaintiffs ask the court to enter judgment in their favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA

Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted,

*/s/ Harold E. Weiser*

THE WEISER LAW FIRM, LLC
Harold E. Weiser (La. Bar # 32762)
3801 Canal St., Suite 205
New Orleans, La.70119
Phone: (504) 358-2273
Fax: (888) 778-1541
Email: weiserlawfirm@gmail.com